```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

JEREMY MAJOR,

       Petitioner,

                               Case No. 8:10-CV-2780-T-30MAP
                                        8:07-CR-361-T-30MAP
UNITED STATES OF AMERICA,

       Respondent.
_____/
```

O R D E R

This cause comes on for consideration of the United States' Motion to Dismiss Defendant's Section 2255 Motion, or Alternatively, to Request Additional Time to Respond (CV-D-4).

By way of background, Petitioner was charged in a two-count Indictment with conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, and distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). A jury found Petitioner guilty of both offenses. On August 14, 2008, the Court sentenced Petitioner to a term of imprisonment of 169 months. Petitioner's conviction and sentence were affirmed on appeal.

Petitioner filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 7, 2010. In his motion, Petitioner raises multiple claims of ineffective assistance of counsel. He also claims prosecutorial misconduct and that the Court erred in considering conduct not relevant to the

conspiracy charged in the Indictment.

The Government moves to dismiss Petitioner's motion. The Government argues that Petitioner, a Bahamian national, was transferred to the Bahamas on December 15, 2010, pursuant to the Convention on the Transfer of Sentenced Persons (the "Strasbourg Convention"). The Government continues that one of the conditions that the Convention requires for transfer is that the judgment be final, "namely, that there are no pending appeals or collateral attacks." (D-4, p.2, citing Strasbourg Convention, Art. 3.1.b.) The Government explains that Petitioner filed his § 2255 motion just days before his transfer. The Government argues that "Major should not be permitted to contradict the express provisions of the Convention and to now pursue a section 2255 motion from outside the United States, despite the motion being filed while Major was still in the United States, since it was filed after his knowing execution of a consent to the transfer." (Id. at p. 3.) The Government requests an additional 60 days by which to file a response to Petitioner's § 2255 motion should the Court deny the motion to dismiss.

No appeals or post-judgment collateral proceedings relating to Petitioner were pending on September 10, 2010, when a consent verification hearing to transfer Petitioner was held before U.S. Magistrate Judge Edwin Torres in the Southern District of Florida, Miami Division. At the hearing, held in accordance with 18 U.S.C.

§ 4107, Petitioner verified as follows:

1. My conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in the United States of America;

2. My sentence will be carried out according to the laws of the BAHAMAS;

3. If a court of the BAHAMAS should determine upon a proceeding brought by me or on my own behalf that my transfer was not accomplished in accordance with the treaty or laws of the BAHAMAS, I may be returned to the United States of America for the purpose of completing my sentence if the United States of America requests my return; and,

4. Once my consent to transfer is verified by the verifying officer, I may not revoke that consent.

(Cv-D-4, Exh. B.) Magistrate Judge Torres found Petitioner had consented to the transfer and that the consent was voluntary and not the result of any promises, threats, coercion, or other improper inducements. (Id.)

According to Petitioner's 2255 motion, he placed the motion in the prison mailing system on December 7, 2010. (Cv-D-1, p.12.) The motion was received by the Court on December 13, 2010. The Government is correct that Article 3.1.b of the Convention provides that a sentenced person may be transferred only if the judgment is final. Furthermore, Title 18, United States Code, section 4100(c) provides that an offender "shall not be transferred to or from the United States if a proceeding by way of appeal or of collateral attack upon the conviction or sentence be pending." Despite this provision, according to the Government, Petitioner was transferred

to the Bahamas on December 15, 2010, two days after his § 2255 motion was docketed in the Court record.

While the Government argues that Major should "not be permitted to contradict the express provisions of the Convention," the Government has not pointed to any provision of the Convention or the related statutory provisions prohibiting an offender from filing a motion to vacate after he has consented to a transfer. As previously indicated, on September 10, 2010, when Petitioner gave his consent to the transfer, his conviction was in fact final and there were no post-judgment collateral proceedings pending. Furthermore, he Government fails to present any evidence demonstrating that Petitioner waived his right to collaterally attack his sentence when he consented to the transfer. Rather, in executing the verification of consent to transfer Petitioner confirmed that such a proceeding could only be brought in the United States.[1] (D-4, Exh. B.)

The fact that Petitioner has since been transferred to the Bahamas does not divest this Court of jurisdiction over Petitioner's motion. In this regard, the country in which an offender was convicted has exclusive jurisdiction over proceedings seeking to challenge, modify, or set aside such convictions and

---

[1] The Government has not submitted a transcript of the September 10, 2010 hearing. It may be that there was a discussion relating to the waiver of filing a collateral attack. If the Government finds this to be the case, it may refile its motion to dismiss.

sentences. 18 U.S.C. § 3244(1); Strasbourg Convention Art.13 ("The sentencing State alone shall have the right to decide on any application for review of the judgment.") Furthermore, "all proceedings instituted by or on the behalf of an offender transferred from the United States to a foreign country seeking to challenge, modify, or set aside the conviction or sentence upon which the transfer was based shall be brought in the court which would have jurisdiction and competence if the offender had not been transferred." 18 U.S.C. § 3244(2).

The Court therefore finds that based on the current record there is no basis to dismiss Petitioner's motion. The Government may have an additional sixty (60) days from the date of this order to file a memorandum addressing the claims in Petitioner's § 2255 motion.

It is therefore ORDERED that:

1) The United States' Motion to Dismiss Defendant's Section 2255 Motion (CV-D-4-1) is DENIED without prejudice.

2) The United States' Motion to Request Additional Time to Respond (CV-D-4-2) is GRANTED.

5

3)   The Government shall file a responsive memorandum of law to Petitioner's § 2255 motion within sixty **(60)** days of the date of this order.

DONE AND ORDERED at Tampa, Florida this 26th day of January, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE