UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY MAJOR,

    Petitioner,

                                   Case No. 8:10-CV-2780-T-30MAP
                                            8:07-CR-361-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion Pursuant to Rule 59(b) and/or Rule 59(e). (Cv-D-11.)

    Petitioner requests the Court to make additional findings of facts and amend the order entered by the Court on April 20, 2011 denying his § 2255 motion. Petitioner contends that additional findings regarding his claims of ineffective assistance of counsel are necessary because the Court "misapprehended or overlooked facts that are absolutely crucial to said claims." (Cv-D- 11, p.1.)

    Preliminarily, the Court notes that Petitioner states that there is no indication that the Court considered his "Traverse" (Cv-D-10). The Court notes that Petitioner's "Traverse" was received in Chambers on April 27, 2011, one week <u>after</u> this Court's order denying Petitioner's § 2255 motion. Furthermore, at no time did Petitioner seek permission to file the reply memorandum, nor did the Court grant Petitioner to file one. Nonetheless, the Court will address the arguments in both Petitioner's motion as well as

his Traverse.

I.   Relevant Conduct

Petitioner argues the his counsel should have objected to the quantity of cocaine that was considered as relevant conduct. He argues that his conduct relating to other cocaine distribution was not related to his offenses of conviction and therefore should not have been attributed to him for purposes of sentencing. Specifically, Petitioner argues that the presence of cocaine was the only similarity between the offenses of which he was convicted and the other conduct he admitted to in his post-Miranda statements.

"Relevant conduct" under section 1B1.3 of the sentencing guidelines includes conduct that constitutes the "offense of conviction" as well as conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction...." U.S.S.G. § 1B1.3(a)(1)(A) and (a)(2). Two or more offenses constitute a "common scheme or plan" if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, comment n. 9(A). Offenses can be "part of the same course of conduct" where they are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Id. at n. 9(B). In considering

whether offenses are part of the same course of conduct, the court may consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." Id.

In the underlying criminal case, Count One of the Indictment charged a conspiracy from an unknown date through on or about May 6, 2007. (Cr-D-11.) Count Two charged a distribution on a single date. (Id.) At the very least, Petitioner's other admitted drug distribution trips were part of the "same course of conduct or common scheme or plan." As indicated in the Court's April 20, 2011 Order, Petitioner admitted to making approximately 45 smuggling trips to the United States for Pratt and Seymore. On each occasion, the cocaine was placed into Petitioner's checked bags by airport employees in the Bahamas. The purpose of Petitioner's trips was to distribute cocaine to buyers in Pinellas and Pasco counties. On some of the occasions, Major was driven by his co-defendant, Glinton. (Cv-D- 8, p. 8-9.)

Given the number of trips, the involvement of the same parties, the same modus operandi, and the same type of drug, Petitioner's counsel was not ineffective in failing to object to the consideration of Petitioner's other conduct as "relevant conduct," and the Court's consideration of the conduct for purposes of sentencing was not inappropriate.

II.  Failure to Correct False Testimony

In his Traverse, Petitioner reiterates the argument made in his § 2255 motion relating to the trial testimony of Curtis Saunders. The Court thoroughly addressed Petitioner's argument in its April 20, 2011 order (Cv-D-8, p. 10-13) and declines to amend its findings in any respect.

III. Violation of Bond Conditions

Petitioner also claims Curtis Saunders violated his bond conditions by committing a federal, state or local crime during his period of release.[1]  Specifically, Petitioner asserts that Saunders participated in drug transactions while on bond. He therefore contends that his counsel was ineffective in failing to move to suppress evidence unlawfully from Saunders.

This claim is wholly without merit. As the Court previously explained in its April 20, 2011 Order, the Order of Release relating to Curtis Saunders did not include a provision that Saunders not enter into an agreement to act as an informer for law enforcement. (Id. at. p. 13-15.)  While the Order of Release included a provision that "[t]he defendant shall not commit a federal, state or local crime during the period of his/her release...." (Case No. 8:06-Cr-505-T-23MSS, D- 24, ¶ 4), Curtis Saunders' assistance to law enforcement in the underlying criminal

---

[1] Petitioner does not include any such argument in his motion for reconsideration.

case did not constitute a crime. In this regard, Saunders' actions with respect to the underlying criminal case were an exercise of public authority on behalf of a law enforcement agency. As such, Petitioner's counsel's failure to move to suppress evidence based on Saunders' violation of conditions of bond was not unreasonable. Nor has Petitioner demonstrated any resulting prejudice.

It is therefore ORDERED that:

1) Petitioner's Motion Pursuant to Rule 59(b) and/or Rule 59(e) (Cv-D- 11) is DENIED.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate

to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this 2nd day of June, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT